### CARBONATING APPARATUS CO. v. GEARY.

(Supreme Court, Appellate Division, Second Department. November 22, 1907.)

1. SALES—ACTIONS FOR PRICE—DEFENSES—FRAUD.

Where, in an action on notes given for a soda fountain, it appears that the purchaser not only used the fountain for more than a year, but that he also paid notes on the same, there is a failure to sustain the defense that the notes were obtained by false representations.

2. SAME—FAILURE OF CONSIDERATION.

Where, in an action on notes given for a soda fountain, it appears that a deduction was made to cover some alleged defects, and that defendant continued to use the fountain and accepted the deduction as an adjustment, there is a failure to sustain the defense of failure of consideration.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by the Carbonating Apparatus Company against Myron F. Geary. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

John C. Judge, for appellant.
Sutherland R. Haxtun, for respondent.

WOODWARD, J. This action was brought to recover the sum of $72, with interest, upon four promissory notes given by the defendant to the plaintiff. Upon the trial the plaintiff produced the notes and certificate of protest, and proved that there was due upon them, with interest and protest fees, the sum of $85.33. This amount was not controverted by the defendant, and stands admitted. The further proof showed that the plaintiff had delivered to the defendant a soda fountain, to be paid for by installments, for which the notes in suit, among others, had been given, and that at the time of the trial the soda fountain was still in possession of the defendant.

The defendant, while admitting the making of the notes, alleged in his answer that the notes had been obtained by false and fraudulent representation. This, however, he fails to prove is shown by the evidence that he not only used the fountain than one year after obtaining it, but that he also had succes, d various notes on the same. Nor is the alleged failure of ation proved. A deduction of $20 was made to the defendant t er some alleged defects; and as the defendant admits that he co ued to use the fountain, and that he received and accepted the ded tion as an adjustment, it is evident that he assumed, by the making of the notes, the obligation which devolves upon a maker of negotiable instruments.

The dismissal of the complaint was error, and the judgment of the Municipal Court should be reversed, and a new trial ordered.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.